UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS,<br><br>        Petitioner,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>        Respondent. | Case No.: 1:13-cv-01547-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT MOTION TO NAME PROPER RESPONDENT<br><br>THIRTY DAY DEADLINE |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on September 25, 2013. (Doc. 1).

## DISCUSSION

     A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21

1

1  F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or
2  parole officer and the official in charge of the parole or probation agency or state correctional agency.
3  Id.

4       Here, Petitioner has named as Respondent the California Department of Corrections.
5  However, the California Department of Corrections is not the warden or chief officer of the institution
6  where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is
7  presently confined at the California State Prison, Solano, located in Vacaville, California.  The current
8  director or warden of that facility, Gary Swarthout, is the person Petitioner should name as
9  Respondent.

10      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
11 lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326
12 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
13 **However, the Court will give Petitioner the opportunity to cure this defect by amending the**
14 **petition to name a proper respondent**.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973),
15 *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend
16 petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968)
17 (same).  In any amended petition, Petitioner must name a proper respondent.

18      **In the interests of judicial economy, Petitioner *need not* file an amended petition.  Instead,**
19 **Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend**
20 **the Petition to Name a Proper Respondent" wherein Petitioner may name the proper**
21 **respondent in this action.**

22      Accordingly, it is HEREBY ORDERED that, within thirty days of the date of service of this
23 order, Petitioner must file with the Court a "Motion To Amend The Petition To Name A Proper
24 Respondent," wherein Petitioner must name the warden of his present prison facility as the respondent.
25 ///
26 ///
27 ///
28 ///

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

   Dated: **October 9, 2013**             **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE