# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOSCOSO CHAVEZ | ) 1:12-cv-01247-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| v. | ) COMPLAINT FOR FAILURE TO STATE A<br>) CLAIM AND GRANTING LEAVE TO |
| B. WAGNER, et al., | ) AMEND<br>) (ECF No. 1) |
| Defendants. | ) THIRTY-DAY DEADLINE |

### First Screening Order

**I.    Screening Requirement and Standard**

Plaintiff Ivan Moscoso Chavez ("Plaintiff") is a former federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's complaint, filed on July 31, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**II.     Plaintiff's Allegations**

Plaintiff is a former federal prisoner and currently resides in Ecuador. The events alleged in his complaint occurred while Plaintiff was housed at the California City Correctional Center.

1 Plaintiff names Warden B. Wagner, Sergeant Bowman, Officer Himm, Officer Maryjo Sprague and Miss Molina as defendants.

Plaintiff appears to contend that Officer Bowman framed him on May 31, 2012, Officer Himm framed him on May 29, 2012, Officer Sprague framed him in April 24, 2012, and Miss Molina framed him. Officials then wrongfully found him guilty of various rules violations and placed him in disciplinary segregation ("the hole") for 101 days until September 2012.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is sparse and relies primarily on attached exhibits. His allegations are conclusory and fail to describe specific actions by the different officers. If Plaintiff elects to amend his complaint, he must set forth sufficient factual allegations to state a claim.

#### B. Due Process

Although not entirely clear, Plaintiff appears to allege that his constitutional rights have been violated because Defendants framed him and he was confined to administrative segregation based on false disciplinary reports.

As Plaintiff is a federal prisoner, his claim for denial of his right to due process arises under the Fifth rather than the Fourteenth Amendment, however, the standard remains the same. United States v. Nagel, 559 F.3d 756, 759–60 (7th Cir.2009). The guarantees of procedural due process under the Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672, 97

1  S.Ct. 1401, 51 L.Ed.2d 711 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33
2  L.Ed.2d 548 (1972); Erickson v. United States, 67 F.3d 858, 861 (9th Cir.1995). A prisoner has
3  no protected liberty interest in being free from confinement in segregated housing. See, e.g.
4  Resnick v. Hayes, 213 F.3d 443, 447-48 (9th Cir. 2000).

5  However, an inmate can state a cognizable claim arising from a false disciplinary report
6  if the false report was done in retaliation for the exercise of his constitutional rights or if the
7  inmate was not afforded procedural due process in connection with the resulting disciplinary
8  proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563-70, 94 S.Ct. 2963, 41
9  L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation);
10 Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (finding that an allegation that a prison
11 guard planted false evidence which implicated an inmate in a disciplinary infraction failed to
12 state a claim for which relief can be granted where procedure due process protections are
13 provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D. Cal. Jan. 20, 2009) (prisoner failed to
14 state cognizable due process or retaliation claim based on allegedly false charges and reports);
15 Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D. Cal. Jan. 8, 2009) (inmate's allegations that
16 defendants conspired to fabricate a false criminal offense that resulted in his re-housing in
17 administrative segregation failed to state a cognizable retaliation or due process claim).

18 Here, Plaintiff has not claimed that the alleged framing and false disciplinary charges
19 were done in retaliation for his exercise of his constitutional rights. Further, Plaintiff does not
20 claim that he was denied any procedural due process protections. Accordingly, Plaintiff has
21 failed to state a cognizable claim arising from his allegations that he was framed, wrongfully
22 found guilty of rules violations and placed in administrative segregation.

23 **IV.   Conclusion and Order**

24 Plaintiff's complaint fails to state a cognizable claim against any of the defendants.
25 However, the Court will provide Plaintiff with the opportunity to file an amended complaint to
26 cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff
27 may not change the nature of this suit by adding new, unrelated claims in his amended
28 complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 8, 2013**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE